UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **MARCUS L. HUDSON,** | ) | |
| | ) | |
| **Petitioner** | ) | |
| | ) | |
| v. | ) | No. 3:05cv0547 AS |
| | ) | |
| **ED BUSS,** | ) | |
| | ) | |
| **Respondent** | ) | |

### *MEMORANDUM OPINION AND ORDER*

On or about August 30, 2005, *pro se* petitioner, Marcus L. Hudson, an inmate at the Westville Correctional Facility in Westville, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on November 30, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on December 9, 2005, which this Court has carefully examined. The Attorney General has placed before this Court a series of documents designated A through F, both inclusive, which explicate in great detail the proceedings involved.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the WCF. He was the subject of a prisoner disciplinary proceeding which included 90 days of disciplinary segregation which does not implicate a liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995). The case number is MYC 05-06-0004 and the petitioner was found guilty of battery. He also was

sanctioned to 180 days of earned credit time loss and a demotion from credit class I to credit class II, which does implicate *Wolff v. McDonnell*, 418 U.S. 539 (1974). There has been compliance here with the procedural demands of *Wolff*, and that basically ends the discussion. The evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).

With all deference, the view of the Ninth Circuit as to the standards for "some evidence" may be somewhat different than in this circuit. *Burnsworth v. Gunderson*, 179 F.3d 771 (9th Cir. 1999) is not a binding precedent here. This court has taken the trouble to carefully examine both the *Burnsworth* case in 1999 in the 9th Circuit, an opinion by Judge Pregerson and *Malchi v. Thaler*, 211 F.3d 953 (5th Cir. 2000). The reasoning and result in *Malchi* is not helpful to this petitioner. It is to be noted there that the district judge in Texas <u>granted</u> the petition, but a panel of the Court of Appeals for the Fifth Circuit reversed that and the law of that case is very definitely in the Fifth Circuit opinion. With regard to *Burnsworth*, the factual

setting is significantly different there than here.  There, the Court of Appeals found "no shred of evidence," which is certainly not the case here.  The Supreme Court cases cited, namely *California v. Green*, 339 U.S. 149 (1970), and *Thompson v. City of Louisville*, 362 U.S. 199 (1960) do not deal with this particular species of hearing and determination.  Basically, the proceedings here are governed by the Supreme Court decision in *Wolff*.  This court has also taken the trouble to reexamine the Seventh Circuit cases cited by this petitioner.  One Seventh Circuit case so referenced purports to be *Lenea v. Lane*, and the cite given is 822 F.2d 1171 (7th Cir. 1989).  The correct cite is *Lenea v. Lane*, 882 F.2d 1171 (7th Cir. 1989).  *Lenea* is a case brought under 42 U.S.C. §1983, not 28 U.S.C. §2254.  There are significant differences between the petitions filed under 28 U.S.C. §2254 and those filed under 42 U.S.C. §1983.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973), and *Allen v. Duckworth*, 6 F.3d 458 (7th Cir. 1993), *cert. den.*, 114 S.Ct. 1106 (1994).

This court is well aware of *Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), which indeed is an appeal from this court, and with all deference does not support the position taken here by this pro se petitioner.  Quite to the contrary.  When it is all said and done, the petitioner has presented no basis here for relief under 28 U.S.C. §2254. Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  December 16, 2005

                                           <u>     S/ ALLEN SHARP          </u>
                                           **ALLEN SHARP, JUDGE**
                                           **UNITED STATES DISTRICT COURT**